# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————

JACEK KOZMINSKI and
BARBARA KOZMINSKI,

Appellants,

v.

CHRISTIAN B. KOEPPEN, deceased, and
EDITH E. KOEPPEN, as trustees on behalf of the
Christian B. Koeppen and Edith E. Koeppen Revocable
Trust dated April 5, 2016; JOY BROWN; and BRAD BROWN,

Appellees.

No. 2D23-1575

———————————————

March 8, 2024

Appeal from the Circuit Court for Pinellas County; Thomas M. Ramsberger, Judge.

Cristen Heather Martinez of Martinez Law, P.A., Lutz, for Appellants.

Cary A. Cash of Freeman, Goldis & Cash, P.A., St. Petersburg, for Appellee Christian B. Koeppen, deceased, and Edith E. Koeppen, as trustees on behalf of the Christian B. Koeppen and Edith E. Koeppen Revocable Trust dated April 5, 2016.

No appearance for the remaining Appellees.

MORRIS, Judge.

Jacek and Barbara Kozminski appeal from a final order granting specific performance of a contract for the sale of residential real property

and requiring them to sell the subject property to Christian B. and Edith E. Koeppen, as trustees on behalf of the Christian B. Koeppen and Edith E. Koeppen Revocable Trust, dated April 5, 2016. We need not address all of the issues raised by the Kozminskis as appellee Edith E. Koeppen has properly conceded error.[1] Pursuant to *Parkland Condominium Ass'n v. Henderson*, 350 So. 3d 484, 486 (Fla. 2d DCA 2022), the mediated settlement agreement in this case was not enforceable because the Kozminskis did not sign it.[2] We therefore reverse the final order and remand for further proceedings.

Reversed and remanded.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.

---

[1] Christian B. Koeppen is now deceased.

[2] The agreement was also not signed by the Kozminskis' former counsel, who represented them at the time of the mediation, or the mediator.

2